UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUMNER PLAINS 84, LLC,

    Plaintiff,

v.

ANCHOR INSURANCE & SURETY, INC.,

    Defendant.

CASE NO. C18-5260 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

This matter comes before the Court on Plaintiff Sumner Plains 84, LLC's ("Sumner") motion for leave to amend (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.   FACTUAL AND PROCEDURAL HISTORY

Sumner is the corporate owner of commercial property located in Sumner, Washington. Dkt. 1, Ex. 1. Sumner Pavement Marking ("SPM") is Sumner's former lessee and tenant. *Id.* Sumner and SPM are engaged in a separate dispute over damages that SPM allegedly caused to Sumner's property during the term of SPM's ten-year tenancy. *Id.*

Defendant Anchor Insurance and Surety, Inc. ("Anchor") is an insurance brokerage company. Dkt. 12, Ex. 1. The lease agreement between Sumner and SPM required SPM to obtain commercial insurance coverage for Sumner's property and to include Sumner as an additional insured on its policies. *Id.* SPM complied, using Anchor as its insurance broker. *Id.* Anchor provided Sumner with a certificate of liability insurance, which certified that SPM had insurance coverage and that SPM's insurance policy included Sumner as an additional insured. *Id.* Anchor provided the latest certificate to Sumner on August 30, 2017. Dkt. 12, Ex. 1. The certificate Anchor provided Sumner included a bold disclaimer that the certificate conferred no rights on the certificate holder. Dkt. 14.

The relationship between Sumner and SPM later soured at the end of SPM's lease in December 2017. Dkt. 12, Ex. 1. Sumner alleges that SPM caused damage to its property, the value of which now exceeds two hundred thousand dollars. Dkt. 14, Ex. 2. SPM disputes that it caused any damage to Sumner's property outside of normal wear and tear. Dkt. 14, Ex. 3.

After SPM exited its tenancy, Sumner desired to file an insurance claim to recover for the damages allegedly caused by SPM. Dkt. 12, Ex. 1. However, Sumner had no contact or policy information for SPM's insurance coverage, of which it was an additional insured, because the certificate provided by Anchor listed only Anchor's information. *Id.*; *see also* Dkt. 16. Sumner asserts that it is custom for insurance brokers who provide only their own contact information on the insurance certificate to file claims on behalf of insureds. Dkt. 12, Ex. 1. Sumner pressed Anchor to file a claim on its behalf,

but an Anchor representative, Lisa Steele, told Sumner that Anchor would not file Sumner's claim unless SPM agreed to it. *Id.*; Dkt. 16. Sumner strongly objected to Anchor's requirement that SPM agree with its claim before Anchor would file it. Dkt. 16. Sumner challenged Anchor, deeming that the requirement that SPM agree to the claim was bad faith and unfair dealing on Anchor's part, and threatened suit if Anchor did not submit Sumner's insurance claim by February 20, 2018. Dkts. 14, 16. Anchor did not submit Sumner's claim, so Sumner filed suit against Anchor on March 5, 2018. Dkt. 16.

Anchor then filed Sumner's claim on March 9, 2018. Dkt. 14, Ex. 5. Sumner's claim was rejected by the insurer on June 13, 2018. Dkt. 14, Ex. 6. Sumner now moves to amend its complaint against Anchor, which previously asserted a sole cause of action for tortious interference, to include a claim for violation of Washington's Consumer Protection Act, ("CPA") Chapter 19.86 RCW, by engaging in unfair and deceptive acts or practices. Sumner claims damages, at least in that it was forced to bring this lawsuit in order to induce Anchor to file its claim.

On August 8, 2018, Sumner filed its motion for leave to amend.[1] Dkt. 12. On August 20, 2018, SPM responded. Dkt. 14. On August 24, 2018, Sumner replied. Dkt. 15.

## II. DISCUSSION

Leave to amend a complaint should be liberally granted. In considering whether to permit amendment, courts consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff

---

[1] The Court's minute order setting trial and pretrial dates, Dkt. 11, set an August 23, 2018 deadline for amended pleadings. Sumner timely filed its motion for leave to amend.

has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Relevant to the instant motion, an amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "The futility analysis determines whether the proposed amendment would survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6)." *JPMorgan Chase Bank, N.A. v. KB Home*, 740 F. Supp. 2d 1192, 1197 (D. Nev. 2010) (citing *Miller*, 845 F.2d at 214).

In this case, Anchor requests that the Court deny Sumner's claim because it would be futile. Dkt. 13 at 4–5. The Court agrees with Anchor that Sumner's proposed claim is brief and imprecise. For example, Sumner cites Chapter 19.82 RCW when it meant to cite Chapter 19.86 RCW, which is Washington's CPA. Anchor, however, has failed to show that it is futile in that it is a legally insufficient claim under which no set of facts could be proven to establish a valid violation of the CPA. In other words, it is debatable whether Sumner's CPA claim would survive a motion to dismiss based on a lack of sufficient factual allegations under each element of a CPA claim. As such, the claim is not futile, but it may be factually deficient and the Court could possibly dismiss the claim without prejudice and with leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile). Therefore, the Court grants Sumner's motion.

In its response, Anchor asks the Court to grant it leave to amend its answer to plead the affirmative defense that Oregon law applies to Sumner's claim. Dkt. 13 at 10–11. Anchor's request is deficient for at least two reasons. First, a cross-motion is normally required for affirmative relief in opposition. Second, an opposing party is implicitly granted leave to file an amended answer when the Court grants leave to amend a complaint. Thus, the Court denies Anchor's request as moot.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to amend (Dkt. 12) is **GRANTED**.

Dated this 27th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge